# IN THE TAX COURT OF THE STATE OF OREGON

## William T. KISSINGER

*v.*

## DEPARTMENT OF REVENUE

(TC 4181)

William T. Kissinger, Plaintiff (taxpayer), Mulino, appeared *pro se*.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered April 3, 1998.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from Defendant's opinion and order that upheld the denial of a special farm use assessment for taxpayer's land. Taxpayer claims he is disabled within the meaning of the Americans with Disabilities Act (ADA) and is entitled to accommodation in meeting the income requirements for special assessment. There is no dispute of material fact, and the matter is submitted to the court on taxpayer's motion for summary judgment.[1]

■    Taxpayer owns 20.31 acres of land that is not zoned for exclusive farm use. Land which is not zoned for exclusive farm use must produce a minimum gross income three out of five years in order to qualify for special assessment. For farm units of more than 6 acres but less than 31 acres, the land must produce $100 per acre gross income annually. ORS 308.372.[2] Taxpayer's land did not meet the income requirement for the period prior to 1996-97. The assessor disqualified the land for that tax year, subjecting the land to a potential additional tax liability of $5,732.23.

Information submitted by taxpayer indicates he suffers from angina, degenerative arthritis in his knees and other joints and general health problems associated with his age. He has received disability payments from the Social Security Administration since 1985.

Taxpayer's primary dispute is with the statutory requirements themselves. He states: "I will never understand how [ORS] 308.372 was ever legislated in Oregon." In acknowledging that he did not meet the income requirements, he indicates that: "this was not because it was impossible for me to produce income because of my heart attack." Instead, he indicates that cattle prices were low for a number of years and although his poor health may have limited his farming activities, it did not stop him from farming. He

---

[1] Taxpayer's motion is in the form of a letter to counsel for the department dated December 31, 1997. The parties and the court agreed to treat that letter as a motion for summary judgment despite its deficiency in form.

[2] All references to the Oregon Revised Statutes are to 1995.

states: "However, at no time has my farm ever been idle - it has always been operated in a bonafide manner."

Taxpayer claims he is disabled within the meaning of the ADA and is entitled to accommodation. That is, he contends that as a disabled person, the state must accommodate the income requirements of ORS 308.372 to his condition. Taxpayer does not assert any specific form or extent of accommodation that should be extended.

■■ The ADA was enacted by Congress with intent to remove discrimination against disabled individuals in particular areas such as employment and public services programs and activities. 42 USC § 12132; *Schmidt v. Safeway Inc.*, 864 F Supp 991 (D Or 1994). It does not appear that taxpayer's ailment is the type of disability covered by the ADA. The ADA concerns itself with those health problems which substantially limit major life activities. Although taxpayer clearly suffers from his ailment, he is not substantially limited thereby. As such, he cannot seek accommodation via the ADA. However, even assuming the ADA applies, there are still problems with taxpayer's position.

■ An underlying assumption of taxpayer's position is that the owner of the property seeking special farm use assessment is also the farmer and operator. That assumption is in error. The statutes do not require the owner to operate the farm, and in fact many farms are leased to, or operated by, third parties. Likewise, the statute does not dictate what farming activities must take place in order to produce the requisite income. In light of the many possible disabilities and the many types of farming activities, there is no practical way to accommodate a disabled farmer except by eliminating any income requirement. However, that would assume that disabled farmers cannot earn income.

■ The court concludes that even if taxpayer is disabled within the meaning of the ADA, he is not entitled to special farm use assessment unless the land meets the income requirements of ORS 308.372. The state is not required to accommodate a disabled person by reducing or removing the income requirements for special farm use assessment. The statute does not discriminate against disabled persons and the benefits of special assessment are available without

restrictions. The Defendant's Opinion and Order No. 96-6032 must be sustained. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED on the court's own motion that judgment be entered for Defendant.